**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.D. Ottman,<br><br>              Plaintiff,<br><br>vs.<br><br>Department of Forestry and Fire Management, et. al,<br><br>              Defendants. | No. CV-23-08592-PCT-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss (Doc. 36), Plaintiff's Response (Doc. 39), and Defendants' Reply (Doc. 40). The Court now rules as follows.[1]

**I.     BACKGROUND**

Plaintiff J.D. Ottman was employed by the Arizona Department of Forestry and Fire Management ("DFFM") for nearly 10 years. (Doc. 33 at 3). On January 10, 2020, Plaintiff submitted a written refusal to operate a Department of Corrections Wildland Crew to a superior, Defendant Arthur, alleging that crew members were involved in dealing a synthetic marijuana drug. (*Id.* at 3–4). Plaintiff alleges his supervisors failed to address his complaint and retaliated against Plaintiff by firing him and replacing him with a younger, less qualified assistant. (*Id.* at 4). Additionally, Plaintiff suffers from migraines (*Id.* at 3) and alleges he was suspended for taking a sick day prior to his termination. (*Id.* at 5).

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff is currently employed by the Pinetop Fire District, which is overseen by DFFM. (*Id.*).

On November 6, 2023, Plaintiff filed a Complaint against Defendant DFFM, commencing this action. (Doc. 1). On March 20, 2024, Plaintiff filed a First Amended Complaint ("FAC") (Doc. 18) which added "all the involved officers in the chain of command in their individual capacit[ies]" as named Defendants. (Doc. 21 at 4). On June 5, 2024, this Court dismissed Plaintiff's claims against DFFM, a non-jural entity not subject to suit, and the Individual Defendants in their official capacities, but granted Plaintiff leave to amend as to Individual Defendants in their individual capacities. (Doc. 31).

On July 8, 2024, Plaintiff filed his Second Amended Complaint ("SAC") against the Individual Defendants in their individual capacities for violations of the Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and the Arizona Civil Rights Act ("ACRA"), as well as for wrongful termination under the Arizona Employment Protection Act ("EPA"). (Doc. 33). On August 5, 2024, Defendants filed their Motion to Dismiss the SAC, arguing that none of the statutory violations Plaintiff alleges provide for individual liability. (Doc. 36). This Court now rules.

**II.      LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When deciding a motion to dismiss, all allegations of material fact in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III. DISCUSSION

Defendants argue, and Plaintiff concedes, that Plaintiff's EPA and ACRA claims are time-barred by a one-year statute of limitations and therefore must be dismissed. (Doc. 36 at 3; Doc. 39 at 2). Thus, this Court will grant Defendants' Motion to Dismiss with respect to the Plaintiff's EPA and ACRA claims.

Defendants also argue that Plaintiff's remaining claims under the ADEA, ADA, and Title VII should be dismissed as none of the statutes provide a cause of action against individual defendants. (Doc. 36 at 3). Plaintiff argues that the Court should interpret case law otherwise to find that the statutes do allow liability for individual defendants, or, alternatively, that the Court should find Defendant Tenney liable under the "alter ego doctrine." (Doc. 39 at 7–8).

### a. Whether the ADEA, ADA, and Title VII Provide a Cause of Action Against Individual Defendants.

It is well-settled that individual defendants cannot be held liable under the ADEA, ADA, or Title VII in the Ninth Circuit. *See Miller v. Maxwell's Int'l Inc*., 991 F.2d 583, 587 (9th Cir. 1993) (holding that employees are not liable in their individual capacities under Title VII and the ADEA); *Walsh v. Nev. Dep't of Hum. Res*., 471 F.3d 1033, 1038 (9th Cir. 2006) (holding that individual defendants cannot be held personally liable for ADA violations). Plaintiff asks this Court to disregard this precedent and instead interpret the Supreme Court's decision in *Mount Lemmon Fire Dist. v. Guido* to hold that individuals may be held liable under the ADEA, as the ADEA is based on the Fair Labor Standards Act ("FLSA") and the FLSA allows individual liability. (Doc. 39 at 4). The Court rejects Plaintiff's argument.

In *Mount Lemmon*, the Supreme Court determined that the text of the ADEA provides that state and local governments are "employers" under the statute regardless of their size. *Mount Lemmon Fire Dist. v. Guido*, 586 U.S. 1, 8 (2018). While the Supreme Court acknowledged that many aspects of the ADEA are based on the FLSA, it did not even consider, let alone hold, that personal liability under the FLSA extends to ADEA

violations. *Id.* at 7. Furthermore, following the Supreme Court's ruling in *Mount Lemmon*, the Ninth Circuit has continued to find that liability under the ADEA does not extend to individuals. *See Bounchanh v. Wash. State Health Care Auth.*, No. 19-36059, 2020 WL 8922184, at *1 (9th Cir. 2020); *Kelly v. Wash. State Dep't of Transp.*, 776 F.App'x 426 (9th Cir. 2019). As this Court is bound by the Ninth Circuit's interpretation, the Court finds that the ADEA does not allow individual liability. To that end, the Court abides by the Ninth Circuit's consistent holdings that Title VII and the ADA also do not provide for individual liability. *See Bounchanh*, 2020 WL 8922184, at *1 (finding no individual liability under the ADA, ADEA, and Title VII). Therefore, Plaintiff's claims under Title VII, the ADEA, and the ADA against Defendants in their individual capacities must be dismissed.

### b. Whether the Alter Ego Doctrine Provides Individual Liability for Plaintiff's Title VII Claim Against Defendant Tenney.

Alternatively, Plaintiff argues in his Response that the Court should at least find Defendant Tenney liable under the "alter ego" doctrine. (Doc. 39 at 8–9). Plaintiff supports this argument by citing to two cases that found supervisors liable under Title VII as an employer. (*Id.* at 8 (citing *Pacheco Bonilla v. Tooling & Stamping, Inc.*, 281 F.Supp.2d 336, 338 (D.P.R. 2003); *Curcio v. Chinn Enter., Inc.*, 887 F.Supp.190, 193–94 (N.D. Ill. 1995))).

The Court rejects this argument. While the Ninth Circuit has not directly addressed this issue, this District has indicated that the alter ego doctrine may provide individual capacity liability under Title VII "only if it is proven that the defendant corporation is liable and unable to pay any Title VII judgment because the owner has acted in a manner to justify the Court to pierce the corporate veil." *Sullivan v. Cash*, No. CV 05-469-TUC-RCC, 2009 WL 10708232, at *1 (D. Ariz. 2009). Because this Court found that DFFM is a non-jural entity not subject to suit, the circumstances appropriate to invoke alter ego liability under Title VII do not exist. (Doc. 31).

Furthermore, the Court finds the case law Plaintiff asks this Court to adopt

unconvincing. Neither case is binding on this Court and have, in fact, since been rejected by their respective districts and circuits. *See Rios v. Mun. of Guaynabo*, 938 F.Supp.2d 235, 251–52 (D.P.R. 2013) (rejecting the alter ego doctrine as a basis for individual liability under Title VII); *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001) ("Our rejection of the 'alter ego' theory is further supported by Congress' aversion to individual liability under Title VII."). Other circuits have rejected the alter ego doctrine as a basis of providing individual employee liability under Title VII, as well. *See Dearth v. Collins*, 441 F.3d 931, 934 (11th Cir. 2006) (concluding "that the alter ego doctrine does not create an exception to the rule against individual employee liability in Title VII cases."). Therefore, this Court declines to find Defendant Tenney liable in his individual capacity under Title VII, the ADEA, or ADA pursuant to the alter ego doctrine.

## IV.   CONCLUSION

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, Plaintiff cannot cure his complaint against Individual Defendants in their individual capacities with the addition of other facts. These claims are barred as a matter of law and thus leave to amend would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Therefore, the Plaintiff fails to satisfy the pleading standards set forth by Rule 8 and 12(b)(6). Dismissal of Plaintiff's Second Amended Complaint is both warranted and necessary.

Accordingly,

**IT IS ORDERED** that Defendants Dave Tenney, William Boyd, John Truett, Robert Arthur, and Rose Strike's Motion to Dismiss (Doc. 36) is **granted**. All claims by

Plaintiff J.D. Ottman in his Second Amended Complaint against these defendants in their individual capacities are **dismissed with prejudice** and **without leave to amend**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action **enter final judgment accordingly**.

Dated this 16th day of October, 2024.

Honorable Steven P. Logan
United States District Judge